STATE OF MAINE                          SUPERIOR COURT
AROOSTOOK, ss                           Docket No. CARSC-CV-19-177


DAIGLE OIL COMPANY,

      Plaintiff

v.                                      **ORDER GRANTING**
                                        **PLAINTIFF'S MOTION FOR**
                                        **SUMMARY JUDGMENT**


PELLETIER SANITATION, INC.
and LAURIE PELLETIER

      Defendants


Now before the Court is Plaintiff Daigle Oil Company's (DOC) motion for summary judgment seeking judgment against Pelletier Sanitation, Inc. (Pelletier Sanitation) and Laurie Pelletier (Laurie). The claim against Pelletier Sanitation is for $8204.08 owed on the account for diesel and gasoline product sold by DOC to Pelletier Sanitation. And the claim against Laurie is for the same amount on her personal guaranty. Pelletier Sanitation does not dispute it owes DOC that sum. But Laurie asserts questions of fact exist which should prevent summary judgment being entered as to her.


STANDARD OF REVIEW

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). A material fact is one that can affect the outcome of the case. *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774. A genuine issue of fact exists when there is sufficient evidence for a fact-finder to choose between competing versions of the fact. *Id.*

1

When reviewing the record on a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party. *Cormier v. Genesis Healthcare LLC*, 2015 ME 161, ¶ 7, 129 A.3d 944. "Any doubt on this score will be resolved against the movant, and the opposing party will be given the benefit of any inferences which might reasonably be drawn from the evidence." 3 Harvey, *Maine Civil Practice* § 56:5 at 240 (3d, 2011 ed.) A party seeking to avoid summary judgment must present a prima facie case for the claim or defense that is asserted for which it has the burden of proof. *Flaherty v. Muther*, 2011 ME 32, ¶ 31, 17 A.3d 640.

FACTS

From the filings, the court finds there are no genuine issues to the following material facts: (References to Plaintiff's Statement of Material Facts-PSMF ¶_; references to Defendants' Opposing Statement of Material Facts- DOSMF ¶_; and references to Defendants' Additional Facts- DASMF ¶_)

DOC sells gasoline and diesel products, and in 2018 and 2019 sold product to Pelletier Sanitation. Laurie is the Vice president of Pelletier Sanitation. (Affidavit of Laurie Pelletier dated January 23, 2020, ¶2). On or about July 12, 2018 DOC entered an open end credit arrangement with Pelletier Sanitation via a New Account Application. (PSMF ¶1, DOSMF ¶ 1; DASMF ¶5). Laurie acknowledges she signed the New Account Application. (DASMF ¶7; See also Affidavit of Laurie Pelletier dated January 23, 2020, ¶3). Laurie signed the New Account Application on behalf of Pelletier Sanitation. (PSMF ¶1). Above the signature line where Laurie signed the New Account Application, the document states:

2

Everything that I have stated in this application is correct to the best of my knowledge, and I have read both the front and back part of this application....If this application is made by a corporation, it is agreed that the person making the application on behalf of the corporation shall be individually liable for all purchases made pursuant to this agreement, and any individual who signs the credit card for a purchase on behalf of said corporation shall also be individually liable.

Pelletier Sanitation admits that between September 17, 2018 and June 5, 2019 DOC provided it with diesel fuel and gasoline on credit, and that Pelletier Sanitation owes DOC $8,204.08. (PSMF ¶3,4; DOSMF ¶3,4)

## DISCUSSION AND FINDINGS

A. Pelletier Sanitation

Pelletier Sanitation does not dispute the amount owed regarding fuel purchases totaling $8,204.08 and concedes there are no issues of material fact concerning the corporation's obligation for the fuel debt. (See Plaintiff's Memorandum in Opposition, p.2, Section III) Accordingly, Plaintiff DOC's Motion for Summary Judgment as to Defendant Pelletier Sanitation is granted, and judgment is entered in the amount of $8,204.08.

B. Laurie Pelletier

In her filings Laurie attempts to make a genuine issue of fact by denying DOC's Statement of Material Facts as they pertain to her individually. Laurie also raises additional facts in which she asserts she was never advised she was submitting herself to personal liability, and that she did not receive any consideration or benefit personally from the credit agreement or fuel purchases. (DASMF ¶ 7,8,9; see also Affidavit of Laurie Pelletier, ¶ 4,5,6). Laurie's denial of DOC's

3

statement of facts and the additional facts she raises, including those in her affidavit, are simply not supported by the record and insufficient to raise a genuine issue of material fact.

The new credit account was for Pelletier Sanitation, a corporation. The facts are not disputed Laurie signed the New Account Application, and she signed it on behalf of Pelletier Sanitation so Pelletier Sanitation would be extended credit for the purchase of product from DOC. There is also no dispute that in the application, she indicated her capacity was vice-president of Pelletier Sanitation. But, immediately above the signature line, the application clearly states that "If this application is made by a corporation, it is agreed that the person making the application on behalf of the corporation shall be individually liable..".

A guaranty is a contract and is governed by the same rules of construction as other contracts. *Kandis v. Huotari,* 678 A.2d 41,43 (Me. 1996). A contract that is not ambiguous is interpreted by the court as a question of law. *Whalen v. Down East Cmty. Hosp.,* 2009 ME 99, ¶ 15. Laurie has not asserted, and there is no evidence in this record, that the guaranty language is ambiguous. The court specifically finds the contract's guaranty language is not ambiguous, and that the person signing the agreement is personally liable.

Laurie does raise as a fact that she "..was never advised by an agent of DOC that she was submitting herself to personal liability for said card." (DASMF ¶7). Yet, Laurie does not point to any statute or law that imposes such a duty on DOC. Nor does she suggest she was tricked or coerced into signing the application. The New Account Application, as a contract document clearly speaks for itself within its four corners. If a contract is not ambiguous, the construction of

4

the contract is a question of law to be resolved by considering the writing as a whole and giving the language its plain meaning. Andrew M. Horton, et.al, Maine Civil Remedies, §10-4(a), (4th ed. 2004). The contract unambiguously indicates that if the application is made for a corporation, then the person signing is individually liable. Laurie signed the application for Pelletier Sanitation, and she is therefore individually, or personally, liable. As the application is not ambiguous, her assertion that she was not advised by an agent that she was submitting herself to liability is extraneous and irrelevant, and is not a material fact.

Lastly, Laurie's assertion of fact that she did not receive any benefit or consideration from DOC as a result of her signing the credit application is equally unavailing. (See DASMF ¶ 8,9). A contract must be supported by consideration, in the form of benefit to the promisor or detriment to or forbearance by the promise. Maine Civil Remedies, §10-3(d). In exchange for Laurie's signing the credit agreement in which she agreed to be individually liable, DOC agreed to extend credit to Pelletier Sanitation. And pursuant to that arrangement DOC sold and delivered to Pelletier Sanitation product totaling $8,204.08, for which it hasn't been paid. Laurie's assertion as facts that she received no consideration or benefit are simply an inaccurate statement of fact and law. It does not raise a question of material fact.

The court finds there is no genuine issue of fact that Laurie signed the credit agreement and agreed to be individually liable for amounts owed by Pelletier Sanitation. The amount owed is $8,204.08. Accordingly, Plaintiff DOC's Motion for Summary Judgment as to Defendant Laurie Pelletier is granted, and judgment is entered in the amount of $8,204.08.

5

C. Attorney Fees

Defendants argue that an award of attorney fees should be denied because the attorney fees are not included in the statement of material facts and not in compliance with M.R.Civ.P. 56(h). That argument is also unavailing. The court concludes an application for attorney fees and affidavits in support thereof need not be in the statement of material facts required for summary judgment.

The material facts required by M.R.Civ.P. 56(h) are those facts that are needed to support judgment being entered on the whatever claim or claims are being made. See M.R.Civ.P.56(a). In this case, DOC sought summary judgment on its account, specifically Count I, Account Annexed. As indicated above, the court found that DOC is entitled to judgment against Pelletier Sanitation for amounts owed pursuant to the New Account Application. Neither Pelletier Sanitation nor Laurie dispute that Pelletier Sanitation owes DOC monies on the credit application, specifically $8,204.08. And accordingly, DOC is awarded judgment on Count I.

Attorney fees incurred in a civil action are recoverable in that action only in three situations, one of which is based on a contractual agreement of the parties. Maine Civil Remedies, §4-9. An application should be sufficiently detailed to afford a basis for determining an appropriate award. Id. Factors to consider include: time and labor required; novelty and difficulty of question presented; skill required; preclusion of other employment; customary fee in the community; whether fee is fixed or contingent; amount involved and results obtained; experience, reputation and ability of the attorney; undesirability of the case; and awards in similar cases. Id.

6

The credit application signed by a representative of DOC and Laurie Pelletier states- "If Daigle Oil Company refers collection of the balance to a lawyer, you will pay the court cost and attorney fees." DOC has prevailed in this action. The application for fees made by the Affidavit of Counsel Fees properly itemizes the time and costs incurred, and establishes that the hourly rate charged is a usual and customary fee. An hourly rate of $200.00 is reasonable for a collection case for a practitioner with the experience and ability of DOC's counsel. The affidavit establishes a total of 6.75 hours was expended, which includes the drafting and filing of the motion for summary judgment. That time is also reasonable. The itemized costs are also reasonable and customary. The court approves the application for fees and costs totaling $1,906.48.

In summary, Plaintiff Daigle Oil Company's Motion for Summary Judgment is granted as to both Defendant Pelletier Sanitation, Inc. and Defendant Laurie Pelletier, joint and several. The clerk is directed to enter judgment as follows: judgment for Plaintiff Daigle Oil Company and against Pelletier Sanitation, Inc in the amount of $8,204.08 on Count I, Account Annexed, plus attorney's fees and costs of $1,906.48; and judgment for Plaintiff Daigle Oil Company and against Defendant Laurie Pelletier in the amount of $8,204.08 on Count IV, plus attorney's fees and costs of $1906.48.

Counts II and II are dismissed, as moot, without prejudice and without costs.

The clerk is directed to incorporate this Order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated: February 11, 2020

Harold Stewart, II

Justice, Superior Court